THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Shena Kennedy,
 Individually and as Guardian ad Litem of Daniel Shane Kennedy, Appellant,
 
 
 

v.

 
 
 
 Thomas Johnson, Respondent.
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-238   
 Heard November 17, 2011  Filed April 25,
2012

AFFIRMED

 
 
 
 Stephen Anthony Butaitis and Mark C.
 Tanenbaum, of Charleston, for Appellant.
 John Dwight Hudson, of Myrtle Beach, for
 Respondent.
 
 
 

PER CURIAM:  Shena
 Kennedy appeals the trial court's grant of summary judgment in favor of Thomas
 Johnson.  She asserts the trial court erred in holding Johnson was not liable
 for the injuries her minor son (Minor) sustained when the vehicle in front of
 his severed a low-hanging limb from a tree growing partially on Johnson's
 property causing the limb to crash through the front window of the vehicle Minor
 was driving.  We affirm.
As to Kennedy's argument the
 trial court erred in finding Johnson had no duty to maintain the portion of the
 tree overhanging the South Carolina Department of Transportation (Department)
 right-of-way, we find no error.  See Hendricks v. Clemson Univ.,
 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003) ("The determination of the
 existence of a duty is solely the responsibility of the court."  (citation
 omitted)); Miller v. City of Camden, 329 S.C. 310, 314, 494 S.E.2d 813,
 815 (1997) (stating one who has no control over the use of property owes no
 duty of care not to harm others by its use).  The live oak tree from which the
 limb had grown sat partially in the Department's right-of-way and partially in
 the unencumbered fee of the property belonging to the heirs of Rossy Johnson,
 Sr.  Johnson acknowledged he was the member of his family responsible for the family
 property.  Johnson stated his property ended where the Department's
 right-of-way began.  The limb grew from the Department's side of the tree.  Randy
 Graham, the resident maintenance engineer with the Department, testified the
 Department and the State had control of the limbs growing over the
 right-of-way.  As the trial court found, Johnson did not control the Department's
 right-of-way or the limbs that grew over the right-of-way.  Accordingly, we
 agree with the trial court that Johnson did not have control over the portion
 of the tree from which the limb grew and thus was under no duty to trim the
 limb.  
AFFIRMED.[1]
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.  

[1] Because we affirm on this issue, we decline to
 address Kennedy's other issues.  See Futch v. McAllister Towing Inc., 335 S.C. 598,
 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review
 remaining issues when its determination of a prior issue is dispositive of the
 appeal).